UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RANDY CARNAHAN,

                              Plaintiff,

           -against-

KISS ADULT STORE, and
DANIEL MEYER, individually,

                             Defendants.
-----------------------------------------------------------------X

Case No.: 23-cv-00930

**COMPLAINT**

      Plaintiff RANDY CARNAHAN, by his attorneys, Bell Law Group, PLLC, as and for his Complaint against Defendants KISS ADULT STORE ("Defendant Store"), and DANIEL MEYER, individually ("Defendant Meyer") (referred to collectively herein as "Defendants"), respectfully alleges upon knowledge as to himself and upon information and belief as to all other matters as follows:

## NATURE OF THE ACTION

      1.    This action is brought by Plaintiff pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") to seek redress against Defendants who failed to provide the required minimum wage and overtimes wages, as well as for the failure to provide wage payment statements and wage theft prevention act notifications in violation of the FLSA and NYLL.

      2.    Plaintiff worked for Defendants - - a store selling adult products and its day-to-day overseer - - as a non-exempt employee from July 2019 to November 29, 2022. During his employment, Defendants regularly required Plaintiff to work, and Plaintiff indeed did in fact work, at least forty hours each week, while working over ten hours per workday. However, Defendants failed to pay Plaintiff at least the minimum wage rate for hours worked in a week up to forty in

1

violation of the NYLL. Defendants similarly failed to pay Plaintiff at a rate of one and one half the minimum wage rate for hours worked in a week over forty in violation of the FLSA and the NYLL throughout his employment. Additionally, Defendants failed to pay Plaintiff a premium of an extra hour's worth of pay, according to NYLL's spread-of-hours provision, for workdays on which Plaintiff worked over ten hours. Finally, Plaintiff did not receive accurate wage theft prevent act notification at the time of hiring and did not receive wage payments statements each week in violation of the NYLL.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

4. This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct significant business within this judicial district.

## PARTIES

6. At all relevant times, Plaintiff was and still is a resident of the County of Suffolk, State of New York.

7. At all relevant times, Plaintiff has been a covered employee within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq.*

8. At all relevant times, Defendant Store has been doing business in New York at the

address of 441 Walt Whitman Road, Melville, New York 11747.

9. At all relevant times, Defendant Meyer has been a resident of New York and was serving as the day-to-day manager of Defendant Store with managerial and/or supervisory authority, who was in charge of - - among other things - - hiring and firing of employees, setting employees' schedules and compensation, and other personnel matters.

10. At all relevant times, Defendant Meyer was and still is in active control and management of the Defendants Store, and has regulated the employment of persons employed by these entities, acted directly and indirectly in the interest of these entities in relation to the employees, and thus, was an employer of Plaintiff under the FLSA and NYLL.

11. At all relevant times, Defendants have been covered employers within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq.*, as Defendants - - both individually and collectively - - have received credit card payments for the purchasing of their products from multiple states.

## PLAINTIFF'S FACTUAL ALLEGATIONS

12. Plaintiff was hired by Defendants as a non-exempt employee in July 2019 and worked in that role until November 29, 2022. In this role, Plaintiff was a non-managerial, non-exempt employee of Defendants assisting with any tasks needed around the Store and was always willing to pick up extra shifts and lend a hand whenever needed.

13. Throughout Plaintiff's employment, Defendant Meyer oversaw the day-to-day operations of Defendant Store's businesses and was responsible for all personnel decisions regarding the employees working there.

14. Throughout his employment, Defendants required Plaintiff to work, and he did in fact work, from 11 hours per day, often before opening to past closing, Saturday through Tuesday.

3

15. Throughout his employment, Defendants did not pay Plaintiff at least the minimum rate prescribed by the NYLL for hours worked up to forty in a week. Additionally, Defendants never paid Plaintiff at a rate of one- and one-half times her regular rate of pay for hours worked in a week over forty as prescribed by the FLSA and NYLL.

16. Defendants also failed to pay Plaintiff an additional hour's worth of pay on days in which Plaintiff worked more than ten hours in a day.

17. For example, from July 2019 to December 2020, Defendants paid Plaintiff at an hourly rate of only $12, when the NYLL-prescribed minimum rate was $14 per hour.

18. Thereafter, from about January 2021 to his last workday on November 29, 2022, Defendants paid Plaintiff at an hourly rate of only $14, when the NYLL-prescribed minimum rate was $15 per hour.

19. Worse yet, throughout his employment, Defendants never paid Plaintiff anything for overtime hours worked over forty in a week, or for hours worked over ten in a day.

20. Indeed, in November 2019, Plaintiff was paid only $14 per hour for the first 40 hours of work that workweek, and nothing for at least four hours of overtime beyond 40 hours.

21. At all relevant times, Plaintiff was entitled to a notice at the time of hiring indicating Plaintiff's rate of pay and the basis thereof, the name of the employer, any doing business as names and the main office or principal place of business pursuant to NYLL 195(1).

22. At all relevant times, Plaintiff was entitled to accurate wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address, and phone number of the employer; and itemized allowances and deductions pursuant to NYLL 195(3).

23. Plaintiff was not provided an accurate wage theft prevention act notification at the

time of hiring, nor was he provided accurate wage statement on each payday while working for Defendants.

24. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

25. Defendants' violations of the FLSA and the NYLL are willful since their employees' have previously made complaints about these violations, but no corrective action was taken.

26. Each hour that Plaintiff worked was for Defendants' benefit.

## AS AND FOR THE FIRST CAUSE OF ACTION
*Minimum wage owed pursuant to the NYLL*

27. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

28. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of NYLL §§ 190, 651 and 652.

29. At all relevant times, Defendants were subject to the minimum wage provisions of Article 19 of the NYLL.

30. Pursuant to NYLL § 652, Defendants were required to pay Plaintiff a minimum wage rate of no less than $15.00 per hour for hours worked .

31. Defendants have engaged in a pattern, practice, policy and/or common scheme of failing to pay Plaintiff s the applicable minimum wage for any of the hours they required Plaintiff to work up to forty in a week.

32. Defendants have violated NYLL § 652 by failing to compensate Plaintiff the applicable minimum hourly wage.

5

33. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wage, Plaintiff has been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

34. Defendants willfully, knowingly, and intentionally failed, and continues to fail to compensate Plaintiff the required minimum wage.

35. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

36. Due to Defendants' intentional and willful failure to pay Plaintiff the applicable minimum wage, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

**AS AND FOR THE SECOND CAUSE OF ACTION**
*Unpaid overtime wages owed pursuant to the FLSA*

37. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

38. At all relevant times, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e).

39. At all relevant times, Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

40. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of the FLSA..

41. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

42. Pursuant to the FLSA, non-exempt employees are required to be paid one and one-

half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

43. Plaintiff was entitled to be paid one and one-half times the minimum wage rate and/or Plaintiff's regular hourly rate for any hours worked in excess of forty (40) hours in any workweek.

44. Defendants required Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout her employment.

45. At no time have Defendants paid Plaintiff a rate of one and one-half times the minimum wage rate and/or Plaintiff's hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

46. Defendants willfully, knowingly, and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times Plaintiff's hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

47. As a result of Defendants' violations of the law and failures to pay Plaintiff required regular and overtime wages, Plaintiff has been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

48. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE THIRD CAUSE OF ACTION
*Unpaid overtime wages owed pursuant to the NYLL*

49. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

50. At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

51. Pursuant to NYLL § 650 *et seq.* and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

52. Plaintiff was entitled to be paid one and one-half times the minimum wage rate and/or Plaintiff's regular hourly rate for any hours in excess of forty (40) worked in any workweek.

53. Defendants required Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout her employment.

54. At no time have Defendants paid Plaintiff a rate of one and one-half times the minimum wage rate and/or Plaintiff's hourly rate of pay for all of the hours she worked in excess of forty (40) hours per week.

55. Defendants willfully, knowingly, and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours she worked in excess of forty (40) hours per week.

56. As a result of Defendants' violations of the law and failures to pay Plaintiff required regular and overtime wages, Plaintiff has been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR § 142-2.2.

57. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL § 198.

### AS AND FOR THE FOURTH CAUSE OF ACTION
*Violation of NYLL § 195(3) Wage Statements*

58. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

59. Pursuant to NYLL § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

60. At all relevant times, Defendants were subject to this provision, and Plaintiff was entitled to receive a NYLL § 195(3) wage statements.

61. Defendants failed to furnish accurate wage statements to Plaintiff in violation of NYLL § 195(3) by, *inter alia*, failing to provide Plaintiff with accurate statements of their full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL § 195(3).

62. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

63. As Defendants failed to provide proper wage payment statements under NYLL 195(3), Plaintiff is entitled to liquidated damages of $250.00 for each day that such violations occurred, up to a total of $5,000, together with attorneys' fees, costs, and interest.

### AS AND FOR THE FIFTH CAUSE OF ACTION
*Violation of NYLL § 195(1) Wage Theft Prevention Act Notification*

64. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

9

65. NYLL § 195(1) requires employers to furnish employees at the time of hiring, a notice of the rate or rates of pay and basis thereof, the name of the employer, any doing business as names and the main office or principal place of business.

66. At all relevant times, Defendants were subject to this provision, and Plaintiff was entitled to receive a NYLL § 195(1) wage notice.

67. Defendants failed to furnish such a statement to Plaintiff in violation of NYLL § 195(1) by, *inter alia*, failing to provide Plaintiff at the time of hiring with an accurate statement of Plaintiff's regular rate of pay, the basis thereof, and other information required by NYLL § 195(1).

68. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

69. As Defendants failed to provide Plaintiff with proper a proper notice under NYLL 195(1), Plaintiff is entitled to liquidated damages of $50.00 for each day that such violations continued, up to a total of $5,000.00, together with all reasonable attorneys' fees, costs, and interest.

**AS AND FOR THE SIXTH CAUSE OF ACTION**
*Violation of NYLL Spread-of-hours Provision*

70. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

71. The NYLL requires employers to pay an employee one extra hour of wages at the minimum wage rate for every day in which the employee's total hours worked exceeds ten.

72. At all relevant times, Defendants were subject to paying spread-of-hours compensation on appropriate workdays.

73. Plaintiff worked more than ten hours per day for Defendants on multiple occasions during his employment.

74. Defendants failed to pay Plaintiff spread-of-hours compensation on workdays on which he worked more than ten hours per day.

75. Defendants are liable to Plaintiff for back pay equal to the total spread-of-hours premiums on all applicable workdays during Plaintiff's employment.

**WHEREFORE**, Plaintiff seeks the following relief:

A. An award equal to all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. An award equal to all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. For failing to provide proper statements with every payment of wages, liquidated damages in the amount of $250.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. For failing to provide a proper notice at the time of hiring of the rate of pay and basis thereof in an amount of $50.00 per day, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest;

E. An award equal to the back pay according to the spread-of-hours premiums that Defendant unlawfully withheld from Plaintiff;

F. An award equal to Plaintiff's compensatory, liquidated, and punitive damages in an amount to be determined at trial; and

11

G. Such other and further relief as is just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: Syosset, New York
      February 6, 2023

                                      Respectfully submitted,
                                      BELL LAW GROUP, PLLC

                                      By: */s/ Frank J. Tantone*
                                      Frank J. Tantone, Esq.
                                      *Attorneys for Plaintiff*
                                      116 Jackson Avenue
                                      Syosset, New York 11791
                                      (516) 280-3008
                                      ft@Belllg.com